STATE OF CONNECTICUT *v.* SEAN ADAMS
(AC 22523)

Schaller, Dranginis and Bishop, Js.

Argued April 30—officially released October 1, 2002

*Lisa J. Steele*, special public defender, for the appellant (defendant).

*Robert J. Scheinblum*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *James G. Clark*, senior assistant state's attorney, for the appellee (state).

*Opinion*

BISHOP, J. The defendant, Sean Adams, appeals from the judgment of conviction, rendered after a jury trial, of murder in violation of General Statutes §§ 53a-54a (a) and 53a-8 (a),[1] conspiracy to commit murder in violation of General Statutes §§ 53a-48 (a)[2] and 53a-54a (a), and two counts of assault in the first degree in violation of General Statutes §§ 53a-59 (a) (5)[3] and 53a-8 (a). The defendant claims that the court improperly (1) admitted the testimony of an expert witness and (2) denied the defendant's motions for a mistrial due to prosecutorial misconduct. We affirm the judgment of the trial court.

[1] General Statutes § 53a-54a (a) provides in relevant part: "A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person or of a third person . . . ."

General Statutes § 53a-8 (a) provides: "A person, acting with the mental state required for commission of an offense, who solicits, requests, commands, importunes or intentionally aids another person to engage in conduct which constitutes an offense shall be criminally liable for such conduct and may be prosecuted and punished as if he were the principal offender."

[2] General Statutes § 53a-48 (a) provides: "A person is guilty of conspiracy when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy."

[3] General Statutes § 53a-59 (a) provides in relevant part: "A person is guilty of assault in the first degree when . . . (5) with intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of the discharge of a firearm."

The defendant and three fellow members of a street gang, Darcus Henry, Carlos Ashe and Johnny Johnson, each were charged in a four count substitute information with murder, conspiracy to commit murder and two counts of assault in the first degree for firing automatic or semiautomatic weapons at three unarmed members of a rival street gang. All four cases were consolidated and tried jointly before a twelve person jury. The jury found the defendant and Darcus Henry guilty as charged, and both men appealed.

The defendant's claims were fully addressed and rejected by this court in the companion case of *State v. Henry*, 72 Conn. App. 640, 805 A.2d 823 (2002), which we also have decided today. That decision therefore is dispositive of the defendant's claims.

The judgment is affirmed.

In this opinion the other judges concurred.